**J. Guadalupe RESENDIZ–RAMIREZ, et al., Plaintiffs**

v.

**P & H FORESTRY, LLC, et al., Defendants.**

**Case No. 07–CV–1028.**

United States District Court, W.D. Arkansas, El Dorado Division.

April 2, 2008.

Caitlin Berberich, Melody Fowler–Green, Douglas L. Stevick, Southern Migrant Legal Services, Nashville, TN, for Plaintiffs.

F. Mattison Thomas, Compton, Prewett, Thomas & Hickey, P.A., El Dorado, AR, for Defendants.

### *ORDER*

HARRY F. BARNES, District Judge.

Before the Court is Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt. (Doc. 27–1). Plaintiffs seek to enforce the Court's order that Defendants "provide Plaintiffs with all names, last-known addresses, telephone numbers, social security or passport numbers, and dates of birth of potential opt-in plaintiffs as requested...." (Doc. 17). Plaintiffs further seek a contempt hearing and an order directing Defendants to show cause why they should not be held in contempt of court for failure to comply with the Court's order. Defendants have responded. (Doc. 28). Plaintiffs have filed a reply to Defendants' response. (Doc. 29–1). The Court finds the matter ripe for consideration.

On September 27, 2007, 515 F.Supp.2d 937, the Court issued a Memorandum Opinion and Order (Doc. 17) wherein it

granted in part Plaintiffs' Motion for Expedited Court–Authorized Notice to Similarly Situated Workers and conditionally certified this action as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b). To facilitate notice to similarly situated workers, the Court ordered Defendants to "provide Plaintiffs with all names, last-known addresses, telephone numbers, social security or passport numbers, and dates of birth of potential opt-in plaintiffs as requested...." After the deadline, Defendants tendered to Plaintiffs a 21–page handwritten list that included names, dates of birth, and passport numbers. Defendants also sent to Plaintiffs Forms I–9 as requested by Plaintiffs, but none of the I–9 Form contained addresses for potential opt-in plaintiffs.

Plaintiffs assume that Defendants have access to potential opt-in plaintiffs' addresses, either in Defendants' own records or those of their recruiter agents. However, Defendants have responded that they have given to Plaintiffs all the Court-ordered information that they have. According to Defendants, if they have not already provided the court-ordered information to Plaintiffs, then Defendants do not have this information.

Under the administrative procedures of the H–2A visa program, it is likely that petitioning employers, such as Defendants, and their agents would have information regarding potential opt-in plaintiffs' last known addresses in Mexico. Thus, the Court is reiterating its order for Defendants to provide Plaintiffs with any information regarding the last-known addresses, telephone numbers, social security or passport numbers, and dates of birth of potential opt-in plaintiffs that they have not thus far already provided to Plaintiffs.

Defendants are reminded that, whether this information is in their personal "possession, custody, or control" or that of their agents, Defendants have an obligation to provide to Plaintiffs all the Court-ordered information. *See* Fed. R.Civ.P. 34(a); *Westcoat v. Bayer Cropscience*, No. 4:06–cv–1529, 2006 U.S. Dist. LEXIS 79756 at *3 (E.D.Mo. Nov. 1, 2006) (defining the term "Bayer" as encompassing "Bayer CropScience LP, as well as subsidiaries and agents thereof" and the term "Defendants" as meaning "all of the defendants in this case, and their officers, directors, agents, employees, members, representatives, and attorney").

Plaintiffs assert that, without information regarding where potential opt-in plaintiffs live, Plaintiffs will be unable to provide meaningful notice regarding this action. Thus, Plaintiffs ask the Court to order Defendants to provide alternative documents that might indicate possible places of residences for the potential opt-in plaintiffs. Accordingly, Defendants are ordered to provide to Plaintiffs any alternative information in their possession or control, including the custody of their agents, that would provide an indication of potential opt-in plaintiffs' possible places of residence in Mexico.[1]

Upon consideration, the Court finds that Plaintiffs' motion should be and hereby is **GRANTED IN PART and DENIED IN PART.** The Court is not convinced that a contempt hearing is necessary at this time. However, if Defendants do not comply with the Court's discovery orders, the Court will sanction Defendants accordingly. The Court reiterates its order for Defendants to provide Plaintiffs with any information, whether in its control or the control of its agents, regarding the last-

---

**1.** This information might include, but is not limited to, copies of potential opt-in plaintiffs' passports, I–129 petitions, or Form DS–156 submitted on behalf of Defendants' H–2A workers.

known addresses, telephone numbers, social security or passport numbers, and dates of birth of potential opt-in plaintiffs that they have not thus far already provided to Plaintiffs. Further, Defendants are ordered to provide to Plaintiffs any alternative information in their possession or control, including the custody of their agents, that would provide an indication of potential opt-in plaintiffs' possible places of residence in Mexico. Defendants should provide the information to Plaintiffs on or before April 9, 2008.